## KIGHT *v.* KIGHT.

On the trial of a libel for divorce on the ground of cruel treatment, in connection with a charge of improper conduct by the defendant husband with a woman other than his wife, a letter admitted to have been written by him to this other woman, seeking to arrange a meeting with her, etc., *held* admissible in evidence in connection with other evidence of cruel treatment.

No. 2512.    FEBRUARY 21, 1922.

Divorce. Before Judge Kent. Laurens superior court. January 7, 1921.

*R. L. Berner,* for plaintiff.   *Adams & Camp,* for defendant.

PER CURIAM. Mrs. Olympia Kight brought suit for divorce and alimony against her husband, B. T. Kight, on the ground of cruel treatment, such cruel treatment consisting of abusive language and conduct toward petitioner, in connection with the charge made against him of improper conduct with another woman, together with the charge that defendant did strike and beat petitioner. The defendant, denying cruel treatment on his part, charged plaintiff with cruelty, and that plaintiff had an ungovernable temper and was unreasonably and unjustifiably jealous of all females with whom the defendant had business transactions. The jury returned a verdict granting a divorce " between the parties " and alimony for the plaintiff, and also for one of the children which· was awarded to her. The evidence was sharply conflicting. The plaintiff filed a motion for new trial, which was overruled, and she excepted. One ground of the motion for a new trial was based on the refusal of the court to admit in evidence a letter, admitted by the defendant to have been written by him to a woman, seeking to arrange a meeting with her, said letter being in substance to the effect that he [the defendant] had endeavored to find an opportunity to have a short talk with the addressee; that this seemed impossible; that he was obliged to see and have a talk with her before she should leave; that she must arrange an opportunity for this; that she might go by train to Adrian under the claim that she was going to visit " Hattie," but that if she was afraid of Hattie giving anything away she could go to Dublin; that he could pretend to have business away and go by automobile and meet her at the place agreed upon; that they could come back together, that no one would think anything of this, as they could claim that the addressee of the letter intended coming back on the train,

but just happened up with the writer and came along to save railroad fare and in order to reach home earlier. There were other grounds of the motion for a new trial, but they need not be stated, inasmuch as they afford no reason for a reversal of the judgment refusing a new trial.

The letter was admissible in connection with other evidence of cruel treatment. The court erred in refusing to permit the same to be introduced in evidence.

*Judgment reversed. All the Justices concur, except Hines, J., disqualified.*